```
                     United States District Court
                       District of Massachusetts
 _____
                               )
UNITED STATES OF AMERICA,      )
                               )
         v.                    )
                               )     Criminal No.
ARTHUR GIANELLI, DENNIS        )     05-10003-NMG
ALBERTELLI, FRANK IACOBONI AND )
GISELE ALBERTELLI,             )
                               )
         Defendants.           )
 _____)
```

                         **MEMORANDUM & ORDER**

**GORTON, J.**

 R. Paul Dube ("Dube") filed a petition claiming an interest in the forfeited property of several defendants. Before the Court is the government's motion to dismiss Dube's petition.

## I.   Background

 On April 22, 2009, after a 31-day jury trial, Arthur Gianelli, Dennis Albertelli, Frank Iacaboni and Gisele Albertelli (together, "the defendants") were found guilty of numerous counts of racketeering, gambling and money laundering. On April 30, 2009, the government and the defendants filed a Joint Motion for Preliminary Order of Forfeiture. Among the assets agreed to be forfeited in the joint motion was The Canine Entertainment Corporation d/b/a The Big Dog Sports Grille ("Canine"). On May 8, 2009, the Court endorsed a Preliminary Order of Forfeiture and the government subsequently published notice.

On August 5, 2009, Dube, a third party claimant, filed a "Petition of R. Paul Dube to Adjudicate His Legal Interest in Forfeited Property" pursuant to 18 U.S.C. § 1963(l)(2), alleging an interest in the forfeited assets.  Specifically, Dube stated that on February 9, 2001, he was struck by a drunk driver ("Bhoge") who had spent the evening drinking at the Canine.  Dube asserts that, through Canine's negligent over-serving of Bhoge, Canine is liable for some portion of Dube's accident-related injuries and expenses.

On August 28, 2009, the government submitted the instant Motion to Dismiss Dube's petition.  Dube opposes that motion.[1]

### III. Analysis

A third party has the right to petition the Court for a hearing when that party asserts "a legal interest in property which has been ordered forfeited" in a criminal case.  18 U.S.C. § 1963(l)(2); 21 U.S.C. § 853(n)(2).  To do so, the petition must "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, and any additional facts supporting the petitioner's claim, and the relief sought".  Id.

---

[1] Dube's opposition memorandum was filed on September 30, 2009, well after the 14-day response period under Local Rule 7.1(b)(2) had expired.  In any event, Dube's opposition adds nothing of substance to his original petition.

The government may then move to dismiss the petition. Grounds for dismissal include a lack of standing, a failure to state a claim, or any other lawful reason. See Fed. R. Crim. P. 32.2(c)(1)(A). A motion to dismiss under Rule 32.2 is treated like a civil motion pursuant to Fed. R. Civ. P. 12(b). See Fed. R. Crim. P. 32.2(c) Advisory Committee Note 2000 Adoption.

Here, Dube has petitioned for an interest in forfeited property, apparently seeking compensation for Canine's alleged tort liability relating to the 2001 car accident. The government responds that Dube has neither stated a claim on which relief can be granted nor demonstrated proper standing. The Court agrees.

Dube does not allege any legal interest in the forfeited property. See 18 U.S.C. § 1963(l)(2); 21 U.S.C. § 853(n)(2). Not only is Canine not a party to this case but Dube also has not set forth any legal interest, such as a lien or an enforceable judgment against defendants, that would make him a creditor of Canine.[2] Indeed, Dube points to no statutory provision and makes no legal argument that would allow him to receive forfeited assets in the context of this case. As such, his petition will be dismissed.

---

[2] In fact, Dube has voluntarily dismissed a civil suit against Canine. Yet even with a judgment in his favor from such a suit, Dube would not have standing to seek forfeited assets here because he would be an unsecured creditor. See U.S. v. One-Sixth Share, 326 F.3d 36, 44 (1st Cir. 2003).

**ORDER**

In accordance with the foregoing, government's Motion to Dismiss (Docket No. 856) is **ALLOWED.**

**So ordered.**

/s/ Nathantiel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 14, 2009